1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7

8                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  ANDREW HAMER,

10          Plaintiff,                                    No. C 12-06077 JSW

11    v.

12  CITY OF EUREKA, ET AL.,                     **ORDER REGARDING MOTIONS**
                                                **FOR RECONSIDERATION**
13          Defendants.

14

15  _____/

16          The Court has received the Humboldt Defendants' and the Eureka Defendants' motions

17  for reconsideration.  A motion for reconsideration may be made on one of three grounds: (1) a

18  material difference in fact or law exists from that which was presented to the Court, which, in

19  the exercise of reasonable diligence, the party applying for reconsideration did not know at the

20  time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest

21  failure by the Court to consider material facts or dispositive legal arguments presented before

22  entry of judgment.  N.D. Civ. L.R. 7-9(b)(1)-(3).  The moving party may not reargue any

23  written or oral argument previously asserted to the Court.  *Id.*, 7-9(c).  Defendants contend the

24  Court's decision dated May 28, 2014 not to grant summary judgment and judgment as a matter

25  of law constituted a manifest failure by the Court to consider material facts or dispositive legal

26  arguments which were presented to the Court.

27          The Court has again reviewed the record in its entirety, including the submitted

28  recording of the incident at issue, and affirms its holding denying summary judgment as to

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    Plaintiff's claims related to excessive use of force.  The Court again finds there are disputed

2    issues of fact regarding whether Defendants acted with reasonable force in effectuating

3    Plaintiff's arrest.  The Court cannot, as requested by Defendants, find that the evidence

4    presented in the video objectively demonstrates that Defendants should prevail on the claims

5    against them.  At summary judgment, the Court has considered the disputed evidence in the

6    record and, based on contested facts, the Court cannot find that Defendants are entitled to

7    qualified immunity as a matter of law.  *See, e.g., Wilkinson v. Torres*, 610 F.3d 546, 550-51 (9th

8    Cir. 2010); *see also Scott v. Harris*, 550 U.S. 372, 378 (2007).

9    With respect to the contention that the Court failed to consider the evidence relating to

10   Plaintiff's unlawful arrest claims, the Court specifically found that it could not determine as a

11   matter of law that there was probable cause to arrest.  (Order at 10.)  After a second careful

12   review of the record, the Court finds that whether there was probable cause to arrest Plaintiff on

13   the basis of willful resistence or obstruction of police instructions remains a matter of disputed

14   fact.  The Eureka County officers effectuated the arrest and supervised the force used by Officer

15   Liles.  The record indicates Humboldt County Defendants continued to use force while

16   effectuating the arrest of Plaintiff.  The Court holds that it correctly found that the evidence is

17   disputed regarding liability of the individual officers.

18   Plaintiff's state law claims and claims for *Monell* liability are premised upon the

19   disputed underlying facts and the Court's holding regarding Plaintiff's underlying constitutional

20   claims.  Having not dismissed the claims for constitutional violations pursuant to 42 U.S.C. §

21   1983 and having found disputes of material underlying facts, the Court upholds its

22   determination not to dismiss the remaining claims.

23   In addition, the Court indicated in its original order that Plaintiff no longer sought to

24   maintain his eighth cause of action based on denial of medical treatment and has dismissed that

25   claim.  The eighth cause of action for denial of medical treatment is DISMISSED.  Defendants

26   further contend that Plaintiff does not pursue or "tacitly admits that he has made no claims"

27   under the Fifth, Eighth or Fourteenth Amendments pursuant to his first cause of action.  (Eureka

28   Reply Br. at 11.)  There are no allegations or facts in the record to support the claims under the

2

1   Fifth, Eighth or Fourteenth Amendments pursuant to Plaintiff's first cause of action and

2   Plaintiff does not argue otherwise.  Accordingly, those underlying claims are DISMISSED.

3        The Court DENIES the motions for reconsideration, with the exception of the eighth

4   cause of action for denial of medical treatment, which has been dismissed, and Plaintiff's claims

5   pursuant to the Fifth, Eighth and Fourteenth Amendments for his first cause of action, which he

6   has elected not to pursue.

7

8        **IT IS SO ORDERED.**

9   Dated:   August 15, 2014

10                                                      _____
                                                        JEFFREY S. WHITE
11                                                      UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

3